IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Anthony L. Mann, | ) |
|     Plaintiff, | ) No: 0:14-cv-1831-RMG |
| v. | ) **ORDER** |
| Capt. Rhonda Abston; Capt. DeGeorgis; Sgt. Arrowood; and Ofc. McBride, | ) |
|     Defendants. | ) |

Plaintiff brings this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. This case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (d), D.S.C. Plaintiff alleges that on May 14, 2011, while housed at Perry Correctional Institution ("PCI"), Defendants Officer McBride and Sargent Arrowood confiscated his prison jumpsuit for ninety days because it was hanging on the door hinge of Plaintiff's cell, leaving Plaintiff with only his socks and boxer shorts to clothe himself. (Dkt. No. 1 at 5.) Plaintiff alleges that Officer McBride later took Plaintiff's second pair of socks and boxer shorts for ninety days because they were also hanging on the bar door. (*Id.* at 6.) According to Plaintiff, whenever he needed to wash his remaining socks and boxer shorts, he was only left with a towel to cover himself for twenty-four hours at a time. (*Id.*)

On June 22, 2011, Plaintiff was moved to a different cell pursuant to the orders of Defendants Captain DeGeorgis and Captain Abston. (*Id.*) Plaintiff alleges that the light in his new cell remained on for twenty-four hours a day, resulting in Plaintiff being unable to sleep and suffering from constant migraine headaches. (*Id.* at 7–8.) According to Plaintiff, he became

1

2

depressed and ultimately attempted suicide in January 2012 after Defendant Arrowood allegedly provided Plaintiff with a razor blade and verbally encouraged Plaintiff to kill himself. (*Id.* at 8.) Plaintiff seeks injunctive and monetary relief. (*Id.* at 10.)

Upon initial review, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims be dismissed without prejudice for failure to exhaust his administrative remedies. (Dkt. No. 87 at 12.) The parties were advised that any objections to the Report and Recommendation must be filed in writing within 14 days of service of the Report and Recommendation or face limited review by the District Court and waiver of the right of appeal. *See* Dkt. No. 87 at 14; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Notwithstanding these instructions, Plaintiff failed to file any written objections to the Magistrate Judge's Report and Recommendation.

The Court has reviewed the record in this matter, the Report and Recommendation, and the applicable law and hereby finds that the Report and Recommendation accurately summarizes the applicable factual and legal issues in this motion. Therefore, the Court hereby **ADOPTS** the Report and Recommendation as the order of this Court due to Plaintiff's failure to exhaust his administrative remedies with regard to his claims. (Dkt. No. 87.) For the reasons articulated by the Magistrate Judge, the Court dismisses this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 5, 2015
Charleston, South Carolina

3